IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. WAKEFIELD, | CIVIL ACTION FILE NO. |
| Plaintiff, | _____ |
| v. | |
| WAKEFIELD'S INC., SUSAN WAKEFIELD CRINNIAN, THE SUSAN CRINNIAN TRUST, and JOHN W. GORDON, | |
| Defendants. | |

## NOTICE OF REMOVAL

COME NOW Defendants Susan Wakefield Crinnian and The Susan Crinnian Trust and give notice of removal of the above-styled action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division, the district court of the United States for the district and division embracing the place where the action is pending. As grounds for the removal of this action, Mrs. Crinnian and the Crinnian Trust aver the following:

1.      Upon information and belief, Plaintiff William M. Wakefield was and is a citizen of the state of Alabama residing in Calhoun County, Alabama.

20687236 v2

2.     Defendant Susan Wakefield Crinnian ("Mrs. Crinnian") is a citizen of Arizona residing in Arizona.

3.     Defendant the Susan Crinnian Trust (the "Crinnian Trust") is a trust organized under the laws of Arizona, and is in the state of Arizona.  The Crinnian Trust is a citizen of Arizona.

4.     Mrs. Crinnian is the trustee, personal representative, agent, and sole beneficiary of the Crinnian Trust.

5.     Upon information and belief, Wakefield's Inc. is a citizen of Florida and Alabama and John W. Gordon ("Mr. Gordon") is a citizen of Alabama. Defendants Mrs. Crinnian and the Crinnian Trust, however, contend that Wakefield's Inc. and Mr. Gordon have been fraudulently joined to this action. Plaintiff's Complaint is devoid of any allegations against Wakefield's Inc. or Mr. Gordon.  Instead, the Complaint alleges that: "Mr. Wakefield has been repeatedly accused of violating legal duties owed the company and a minority shareholder by his sister, Susan Wakefield Crinnian and the Susan Crinnian Trust, a minority shareholder" and that therefore Mr. Wakefield filed his Complaint seeking "a declaratory judgment affirming that his actions comply with the duties set forth in the Corporate Bylaws and Articles of Incorporation and his fiduciary duties owed to all shareholders, including the Susan Crinnian Trust."  (Complaint, p. 1).

- 2 -

6.     The Complaint alleges no cause of action against Mr. Gordon or Wakefield's Inc.  Indeed, a review of the Complaint shows that it fails to aver a single allegation against Mr. Gordon and/or Wakefield's Inc.[1]

7.     The Complaint lists Mr. Gordon as "a necessary party" in the pleading heading, but includes no paragraphs that support that Mr. Gordon is a necessary party.

8.     On March 20, 2014, Wakefield's Inc. filed a Motion to Dismiss, alleging as the sole ground that: "Wakefield's Inc., avers the Complaint fails to state a claim against this Defendant."  (Wakefield's Inc.'s Motion to Dismiss, p. 1). Wakefield's Inc.'s Motion to Dismiss was filed by Deborah Ann Wakefield, who is Plaintiff's wife and is also a director and minority shareholder of Wakefield's Inc.

9.     Wakefield's Inc. and John Gordon should be dismissed as a matter of law as parties fraudulently joined, there is total diversity, and neither Wakefield's Inc.'s or Gordon's consent to removal is necessary.  The Eleventh Circuit has recognized that a defendant has been fraudulently joined if there is no possibility the plaintiff can prove any cause of action against the resident under prevailing law.  *Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1561 (11th Cir. 1989);

---

[1] Furthermore, Mrs. Crinnian and the Crinnian Trust assert that the Complaint fails against all of the Defendants for failing to allege a justiciable case or controversy.  The facts and law on this issue are briefed in a Motion to Dismiss or in the Alternative Consolidate with Pending Case being filed contemporaneously herewith.

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988).  The determination of whether the resident defendant has been fraudulently joined is made based upon the plaintiff's pleadings at the time of removal.  *Id; see also Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939).

10.    As district courts within this district have held, "[t]his Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined."  *Earnest v. State Farm Fire and Cas. Co.*, 475 F.Supp.2d 1113, 1115 (N.D. Ala. 2007).   The court in *Earnest* goes on to describe that the Eleventh Circuit Court of Appeals has described three situations when a defendant can be considered to have been fraudulent joined: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined to a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.  *Id.* (quoting *Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284, 1287 (11th Cir. 1998)).

11.    A plain reading of Plaintiff's Complaint confirms that the citizenship of Wakefield's Inc. and Mr. Gordon should not be considered as there is no

- 4 -

possibility that Plaintiff can prove a cause of action against them because no cause of action has been pled against Wakefield's Inc. or Mr. Gordon.   Upon information and belief, these parties were merely added in an attempt to avoid filing suit against Mrs. Crinnian and/or the Crinnian Trust in Arizona or in a preemptive fraudulent attempt to avoid this Court's jurisdiction.

12.    Additionally, even if Wakefield's Inc. and John Gordon were not fraudulently joined, an alignment of the actual interests "ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute," mandates that these parties be aligned with Plaintiff and not Mrs. Crinnian and the Crinnian Trust.  *Earnest*, 475 F. Supp. At 1117.  Therefore, just like in *Earnest*, even if not fraudulently added, realignment would be appropriate; and once realigned pursuant to the parties' actual interests, complete diversity of citizenship exists.  *Id.*

13.    Defendant Mrs. Crinnian was served with the Complaint by receiving it via certified mail on or about March 21, 2014.  A copy of all process, pleadings, and orders served upon the removing defendants in the state court action, including the Complaint, the Motion to Dismiss filed by Wakefield's Inc., and a Notice of Case Setting to hear the Motion to Dismiss filed by Wakefield's Inc., is attached

- 5 -

hereto as Exhibit "1," along with a copy of the Civil Docket Sheet, which is attached hereto as Exhibit "2."

14.     Other than the Complaint, the Motion to Dismiss filed by Wakefield's Inc., and the Notice of Case Setting to hear the Motion to Dismiss, no other proceedings have taken place in state court as to the subject matter of Exhibit "1."

15.     This action is subject to removal on the basis of total and complete diversity of citizenship in that Plaintiff was and is a resident and citizen of the State of Alabama and Defendants Mrs. Crinnian and the Crinnian Trust are citizens of the state of Arizona, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16.     Defendants Mrs. Crinnian and the Crinnian Trust maintain that removal of the action initiated by Plaintiff is justified.  This is a separate and independent claim that would be removable on its own right.  *See Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981).  The action being removed is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1332.

17.     In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis

- 6 -

that the jurisdictional amount in controversy is over $75,000, exclusive of interest and costs.

18.     Plaintiff's Complaint seeks declaratory relief on the issue of "whether [Plaintiff's actions] are consistent with the Bylaws, Articles of Incorporation, Alabama law, fiduciary duty owed to all shareholders, the Business Judgment Rule, and duties owed to the Corporation."  (Complaint, ¶ 22).     Plaintiff's Complaint makes clear that Plaintiff filed the Complaint for declaratory relief in reaction to a letter sent by counsel for Mrs. Crinnian and the Crinnian Trust on February 26, 2014, which is attached to the Complaint as Exhibit "B." (Complaint, ¶ 17).  Exhibit "B" to the Complaint describes many ways in which Plaintiff's improper actions and the damages they have caused Mrs. Crinnian and the Crinnian Trust.  This letter describes the ways in which Plaintiff has used his majority control in the Corporation to oppress the Crinnian Trust's minority interest and shows the ways in which Plaintiff's interests are aligned with Mr. Gordon's as well as Plaintiff's wife, Deborah Ann Wakefield, who is a shareholder, director, and counsel of record for the Corporation.

19.     According to Plaintiff, through the letter attached to the Complaint as Exhibit "B," the Crinnian Trust "has sought to effect a 'reverse squeeze out' to force Plaintiff and the Corporation, by threats of litigation, to purchase her shares

- 7 -

for an excessive and exorbitant price in violation of the Company's policies."
(Complaint, ¶ 22). The letter describes that the Crinnian Trust holds 230 shares of
the Corporation and challenges the per share price of $8,033 offered in the past as
an arbitrary, capricious, and undervalued amount. Therefore, by the allegations in
the Complaint and its incorporated exhibits, the amount in controversy in this
lawsuit includes, *inter alia*, the value of the Crinnian Trust's 230 shares, which, at a
minimum, is in excess of $1,800,000.

20. In *Walker v. Waller*, 267 F. Supp. 2d 31, 33 (D.C. Cir. 2003), the
United States District Court of the District of Columbia found that when a
complaint seeks declaratory relief relating to the rights and liabilities of the parties
with respect to the ownership of certain stock, the amount in controversy is
calculated as the value of the stock. Unlike here, the value of the stock at issue in
*Walker* was indisputably under the $75,000 requirement for removal, as the parties
agreed the value of the stock at issue was only $66,000. In contrast, here the value
of the shares of the Crinnian Trust is indisputably well in excess of $75,000,
exclusive of interest and costs.

21. This Notice of Removal is filed with this Court within thirty (30) days
of service of process on Defendants Mrs. Crinnian and the Crinnian Trust.

20687236 v2

22.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and because Defendants Mrs. Crinnian and the Crinnian Trust are not citizens of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

23.    Mrs. Crinnian and the Crinnian Trust have complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

24.    Notice of Defendants Mrs. Crinnian and the Crinnian Trust's removal of the above-styled action will be promptly given to the Clerk of the Circuit Court of Calhoun County, Alabama, and to all adverse parties, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Mrs. Crinnian and the Crinnian Trust have removed this action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division.

20687236 v2

Respectfully submitted, this 18th day of April, 2014.

*s/ Gerald P. Gillespy*
Gerald P. Gillespy
Alabama Bar No. ASB-3726-S56G
Benjamin B. Coulter
Alabama Bar No. ASB-2762-A42C
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000 telephone
(205) 244-5644 facsimile
ggillespy@burr.com

Stephen T. LaBriola
Georgia Bar No. 431026
Megan C. Haley
Georgia Bar No. 113406
Fellows LaBriola LLP
Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303-1731
(404) 586-9200 telephone
(404) 586-9201 facsimile
slabriola@fellab.com
mhaley@fellab.com
[Pro Hac Vice Applications to
Follow]

*Attorneys for Plaintiffs*

- 10 -

## CERTIFICATE OF SERVICE

I do hereby certify that on this 18th day of April, 2014, I filed the foregoing with the Clerk of the Court and served it upon the following by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

Andrew P. Campbell
Stephen D. Wadsworth
LEITMAN, SIEGAL, PAYNE & CAMPBELL, P.C.
420 20th Street North, Suite 2000
Birmingham, Alabama 35203

Deborah Ann Wakefield
PARSONS, LEE & JULIANO, P.C.
P.O. Box 661228 (35266-1228)
Birmingham, AL 35216

John W. Gordon
1212 Quintard Avenue
Anniston, AL 36201

*s/ Gerald P. Gillespy*
OF COUNSEL

- 11 -